# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BLAIR HAWKINS,                                              )
                                                           )
             Plaintiff,                              )
                                                           )
v.                                                         )       Case No.  17-cv-02585-JAR-TJJ
                                                           )
JEWISH FEDERATION OF GREATER                               )
KANSAS CITY, INC.,                                         )
                                                           )
             Defendant.                             )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Verified Motion to Strike Pursuant to Rule 12(f)(2) (ECF No. 6). Defendant requests that the Court strike portions of Plaintiff's Complaint[1] on the grounds that Plaintiff's allegations of sexual harassment are prejudicial and improperly harmful to the reputations of Defendant and Defendant's Chief Executive Officer, Dr. Helene Lotman.[2] Defendant argues these portions of the Complaint are scandalous allegations subject to being stricken as provided by Federal Rule of Civil Procedure 12(f)(2). Because the court lacks jurisdiction over the action, Defendant's motion is denied.

Procedural Background

Plaintiff filed his complaint on October 9, 2017, alleging one count of sex discrimination and harassment and one count of retaliation, both of which are actionable under Title VII.[3]

---

[1] ECF No. 1.

[2] Specifically, Defendant seeks to strike the following paragraphs from Plaintiff's Complaint: 13, 14, 15, 16, 18, 31, and 32, as well as Exhibits A and B.

[3] 42 U.S.C § 2000e.

On November 3, 2017, Plaintiff filed a Stipulation of Dismissal Without Prejudice,[4] citing Federal Rule of Civil Procedure 41(a)(1)(A)(i). Although the clerk of court had issued summons for Plaintiff to serve upon Defendant along with the Complaint, the court record does not indicate that Plaintiff ever effectuated service of process on Defendant, and Defendant filed nothing before Plaintiff filed his dismissal.

Analysis

Federal Rule of Civil Procedure 12(f)(2) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[5] Defendant argues that its motion is timely in that Defendant was never served by Plaintiff with the Complaint, but it provides no legal authority to support the argument.

On November 3, 2017, Plaintiff filed a document entitled Stipulation of Dismissal Without Prejudice in which he stipulated to the complete dismissal of the Complaint without prejudice pursuant to Rule 41(a)(1)(A)(i).[6] Defendant claims that it neither offered nor paid any money or anything else of value to Plaintiff in exchange for the dismissal of the case and that the parties did not execute an oral or written settlement agreement.

---

[4] ECF No. 4.

[5] Fed. R. Civ. P. 12(f)(2).

[6] ECF No. 4.

Case 2:17-cv-02585-JAR-TJJ   Document 7   Filed 01/11/18   Page 3 of 3

Under Rule 41(a)(1)(A)(i), Plaintiff has an absolute right to dismiss his claims without prejudice and no action is required on the part of the court.[7] As the Tenth Circuit has held:

> The [filing of a Rule 41(a)(1)(i) notice][8] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. *The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.*[9]

Plaintiff voluntarily dismissed this action. Upon dismissal, this court was divested of jurisdiction over Plaintiff's claims. Accordingly, the court is precluded from addressing the merits of Defendant's motion.

**IT IS THEREFORE ORDERED THAT** Defendant's Verified Motion to Strike Pursuant to Rule 12(f)(2) (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 11th day of January, 2018.

_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge

---

[7] *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

[8] Rule 41 was amended in 2007 and the relevant language now appears in Rule 41(a)(1)(A)(i).

[9] *Id.* (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)) (emphasis added). *See also Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242-43 (10th Cir. 2009); *Netwig v. Georgia-Pacific Corp.*, 375 F.3d 1009, 1010-11 (10th Cir. 2004).

3